UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 21-15

ANNIE JENKINS,                                                              PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL SECURITY,**                      **DEFENDANT.**

Plaintiff filed this civil action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying her application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on September 26, 2018, alleging disability beginning in June of 2018, due to osteoarthritis and depression. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Joyce Francis (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Linda Jones, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 59 at the time she alleges she became disabled. She has a high school education. She worked as an administrative clerk for the Commonwealth of Kentucky's Division of Mine and Safety Licensing from 1990 until she retired, in May of 2018.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity and degenerative arthritis, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ found that Plaintiff could return to her work as an administrative clerk and further determined that she has the residual functional capacity ("RFC") to perform light work, with only occasionally climbing ladders, ropes, or scaffolds and frequently stooping (Tr. 17).

2

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th

3

Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly consider her subjective complaints, (2) the ALJ did not properly consider the opinion of her treating physician, Rachel Eubanks, M.D. and (3) the ALJ improperly relied upon the testimony of the VE.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly consider her subjective complaints. Specifically, she contends that the ALJ did not adequately consider her statements regarding pain.

It is well established that because the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For example, the ALJ discussed that, aside from intermittent mild tenderness in her back and joints, Plaintiff's medical records reveal mostly normal findings, including significant range of motion and normal gait. In addition, the record establishes that conservative treatment of her symptoms resulted in improvement. Notably, she was not referred to specialists, did not receive injections, did not undergo surgery, or participate in physical therapy. These facts detract from her claims of disabling pain. *See Lester v. Soc. Sec. Admin.,* 596 Fed.Appx. 387, 389 (6th

Cir.2015) (finding that the ALJ reasonably discounted a doctor's proposed limitations because, among other things, the claimant was receiving conservative treatment); *McKenzie v. Comm'r of Soc. Sec.,* 215 F.3d 1327, 2000 WL 687680, at *4 (6th Cir. May 19, 2000) (unpublished opinion) ("Plaintiff's complaints of disabling pain are undermined by his non aggressive treatment").

Moreover, as the ALJ pointed out, Plaintiff's own statements regarding her daily activities were at odds with her allegations of disabling pain. Plaintiff stated that she had no problems with personal care, was able to drive, cook simple meals, grocery shop, and do household chores (Tr. 32, 222- 28). *Cruse v. Comm'r*, 502 F.3d 532, 543 (6th Cir. 2007) (it is appropriate for the ALJ to take a claimant's daily activities into account).

Given the lack of supporting medical evidence and Plaintiff's own statements, the Court finds no error in the ALJ's assessment her subjective complaints of disabling pain.

Plaintiff's second claim of error is that the ALJ did not properly consider the opinion of her treating physician, Rachel Eubanks, M.D.

The Commissioner significantly changed the way medical source opinions are evaluated for claims filed on or after March 27, 2017, such as Plaintiff's claim. *See* 20 C.F.R. § 404.1520c (2017). As an initial matter, the regulations no longer use the term "treating source"; instead, they use the phrase "your medical source(s)" to refer to whichever medical sources a claimant chooses to use. *Id.* More importantly, following notice and comment, the Commissioner chose not to retain the "treating source rule" that could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. As the agency explained, since adoption of the "treating source rule" in 1991, healthcare delivery has changed in significant ways, and the agency's adjudicative

5

experience has shown that the source of an opinion is no longer the most important factor for determining the persuasiveness of the opinion. *Id.*

In evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017). Furthermore, while the agency adjudicator—in this case the ALJ—must articulate his or her consideration of all medical opinions, the regulations governing claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) and 20 C.F.R. § 404.1527(c)(2) (2017) with 20 C.F.R. § 404.1520c(b) (2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) Supportability (2) Consistency (3) Relationship with the claimant (which includes) (i) Length of the treatment relationship (ii) Frequency of examinations (iii) Purpose of the treatment relationship (iv) Extent of the treatment relationship (v) Examining relationship(4) Specialization (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017). The ALJ will explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2) (2017). The ALJ must explain in his or her decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.* The ALJ may, but is not required to, explain how he or she considered the other remaining. 20 C.F.R. § 404.1520c(b)(3)

(2017).

In September 2019, Dr. Eubanks completed a medical assessment of Plaintiff which is part of the record at Tr. 431-433. In this assessment, Dr. Eubank's opined that Plaintiff could only lift 10-20 pounds due to restrictions in her right shoulder and mild spondylolisthesis of the cervical spine; could only stand for 4 hours and only 1 hour without resting due to heel pain, knee pain as well as back restrictions; could only sit for 6 hours and 1-2 hours at a time due to low back pain and neck pain; could never climb, balance or crawl and could only occasionally kneel, stoop and crouch; would have restrictions in her ability to reach and push and pull due to her hands and the fact that she cannot grip; and would be restricted in heights, moving machinery, exposed to chemicals, dusts, fumes and vibration.

Plaintiff contends that the ALJ "completely disregarded" this opinion. However, in the decision the ALJ specifically discussed Dr. Eubank's opinion but chose to assign it little weight. First, the ALJ noted that the assessment appeared to be on Plaintiff's subjective complaints rather than objective medical evidence. The ALJ pointed out that Dr. Eubank's own treatment notes show only benign findings and conservative treatment, which is at odds with her opinion of severe physical limitation. As such, the ALJ properly concluded that Dr. Eubank's opinion was not well supported. The ALJ also noted the lack of other evidence in the record of severe functional limitation. In other words, Dr. Eubank's opinion is not consistent with the record. The Court finds that the ALJ properly addressed Dr. Eubank's opinion and that her conclusions as to its weight comply with 20 C.F.R. § 404.1520c(b)(2).

Plaintiff also argues that her various diagnoses, including GERD, restless leg syndrome, kidney stones and fibromyalgia, should have been included in the RFC, or, at least, in the

7

hypothetical posed to the VE, thereby implying that the ALJ did not adequately consider them. However, it is well established that a diagnosis does not necessitate a finding of disability or even of a particular restriction. Rather, the functional impact of the diagnosis must be demonstrated. *See Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir.1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition."); *see also Young v. Secretary of HHS,* 925 F.2d 146, 151 (6th Cir.1990) ("a claimant must do more to establish a disabling mental impairment than merely show the presence of a dysthymic disorder."); *Kennedy v. Astrue,* 247 Fed.Appx. 761, 767 (6th Cir.2007) ("mere diagnosis of obesity does not establish either the condition's severity or its effect on [the claimant's] functional limitations."). As Defendant points out, Plaintiff does not explain how these conditions impacted her ability to perform work- related activities. As such, her argument is without merit.

Finally, Plaintiff maintains that the ALJ improperly relied upon the testimony of the VE because the hypotheticals posed to the VE were flawed.

The ALJ asked the VE a series of hypotheticals consisting of various exertional levels and limitations (Tr. 43-49). Among these hypotheticals, the ALJ asked the VE whether a person with Plaintiff's age, education, and work experience—who was limited to light exertional work, except that the individual could occasionally climb ladders, ropes, or scaffolds and could frequently stoop—was capable of Plaintiff's past relevant work as an administrative clerk (Tr. 46). The VE testified that such a person was capable of Plaintiff's past relevant work as generally performed (Tr. 46)

The Court finds that the hypothetical questions posed complied with this circuit's long-

8

standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony is supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of July, 2022.

Signed By:
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**